IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH JAMES HUDSON,            §
TDCJ-CID NO. 1201641,            §
                                 §
            Petitioner,          §
                                 §
v.                               §
                                 §        CIVIL ACTION NO. H-06-1901
NATHANIEL QUARTERMAN, Director,  §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
            Respondent.          §

**MEMORANDUM OPINION AND ORDER**

Petitioner, Kenneth Hudson, a person in state custody, brings this action seeking a Writ of Habeas Corpus (Docket Entry No. 1). Pending before the court is Respondent Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 14).  For the reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and Hudson's Petition for a Writ of Habeas Corpus will be denied.

## I.  Background

The facts of the underlying crime were summarized by the Fourteenth Court of Appeals as follows:

> A little after 12:30 p.m., on December 9, 2002, the complainant, Gwendolyn Stephenson, went into the Super Value store . . . in Houston.  When Stephenson left the store, she walked up to her car, with the umbrella up.  When she reached the front of her car,

another car pulled up two spaces away from her car.
[Hudson] got out of the car and asked Stephenson,
"Don't I know you?" Stephenson said he did not know
her.  She proceeded to unlock her car, let her
umbrella down, and get in.  When Stephenson started
to close her car door,[Hudson], who was squatting
down between the open door and the car, blocked her
from doing so. [Hudson] again asked Stephenson if he
knew her; she repeated that he did not know her.
[Hudson] then said, "Well, this is a robbery,"
pulled a gun out of his pocket, and demanded
Stephenson's cell phone and purse.  Stephenson
complied with [Hudson's] demand. [Hudson] backed
away to his car and drove away.[1]

Hudson was indicted for aggravated robbery enhanced by two
previous felony convictions.[2]  He pleaded not guilty to the charge
but pleaded true to both enhancement paragraphs.[3]  The jury found
him guilty of aggravated robbery and sentenced him to sixty years'
imprisonment, with an affirmative finding of use of a deadly
weapon.

Hudson filed a brief in the Court of Appeals for the
Fourteenth Supreme Judicial District of Texas, arguing that the
trial court erred by allowing Hudson's photo spread into evidence
because it was unduly suggestive.[4]  The state court overruled

---

[1]Hudson v. State, No. 14-03-01253-CR, 2005 WL 81631 at *1
(Tex. App. – Houston [14th Dist.] January 6, 2005, pet. ref'd)
(not reported in S.W.3d), contained in Ex parte Hudson,
Application No. WR-63,941-01 at p. 36.

[2]Ex parte Hudson, Application No. WR-63,941-01, p. 36.

[3]Id. at 48-49.

[4]Hudson v. State, No. 14-03-01253-CR, Appellant's Brief.
Hudson also argued that the trial court erred by allowing a
(continued...)

-2-

Hudson's arguments and affirmed the trial court's judgment.[5]
Hudson then filed a petition for discretionary review in the Texas
Court of Criminal Appeals, which refused the petition on July 27,
2005.[6]

Hudson filed a state habeas application in the trial court on
November 3, 2005, arguing that his attorney provided ineffective
assistance at trial, that the photo spread identification of him
was unconstitutionally suggestive, and that the trial court's jury
charge was defective.[7] These are the same claims petitioner raises
in his federal petitions.[8] The trial court entered findings of
fact and conclusions of law and recommended that petitioner's
applications be denied.[9] The Texas Court of Criminal Appeals
denied habeas relief without written order on March 29, 2006.[10]

---

[4](...continued)
witness to testify who was present during the State's opening
statement, despite the fact that the Rule had been invoked.
Hudson does not argue this point in his federal habeas petition.

[5]Hudson v. State, No. 14-03-01253-CR, 2005 WL 81631 at *2-4
(Tex. App. – Houston [14th Dist.] January 6, 2005, pet. ref'd)
(not reported in S.W.3d), contained in Ex parte Hudson,
Application No. WR-63,941-01 at p. 36.

[6]Hudson v. State, PD-0168-05, 2005 Tex. Crim. App. LEXIS
1173, at *1.

[7]Ex parte Hudson, Application No. WR-63,941-01, pp. 2–7.

[8]Petition for a Writ of Habeas Corpus by a Person in State
Custody, Docket Entry No. 1, p. 7.

[9]Ex parte Hudson, Application No. WR-63,941-01, pp. 30–32.

[10]Id. at cover.

Hudson filed an application for a writ of habeas corpus in this court on May 31, 2006.[11]  On December 6, 2006, respondent filed the pending motion for summary judgment (Docket Entry No. 14).  On December 22, 2006, Hudson filed a motion for an extension of time to respond to the summary judgment motion (Docket Entry No. 15).  The court granted Hudson's request and ordered him to file his response no later than February 15, 2007 (Docket Entry No. 16).  The order warned Hudson that his "failure to do so may result in dismissal of this action without further notice.  No further extensions will be granted."  Hudson did not file a response.

## II.  Standards of Review

### A.  Habeas Corpus

A court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Courts review pure questions of law and mixed questions of law and fact under subsection (d)(1) and questions of

―――――――――――――――

[11]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

-4-

fact under subsection (d)(2).  <u>Martin v. Cain</u>, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000).  A decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u>  The court "*cannot* reverse the denial of habeas relief simply by concluding that the state court decision applied clearly established federal law *erroneously*."  <u>Martin</u>, 246 at 476 (citing <u>Williams</u>, 120 S. Ct. at 1521) (emphasis in original). "Determination of a factual issue made by a State court shall be presumed to be correct," and the prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**B.    Summary Judgment**

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).  The movant must inform the court of the basis for the summary judgment

motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. <u>Celotex Corp.</u>, 106 S. Ct. at 2553. In response to such a showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial. <u>Id.</u>

While "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only to the extent that it does not conflict with the habeas rules. <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002), <u>overruled on other grounds by</u> <u>Tennard v. Dretke</u>, 124 S. Ct. 2562 (2004). Therefore, 28 U.S.C. § 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that in a summary judgment proceeding all disputed facts must be construed in the light most favorable to the nonmoving party. <u>Id.</u> Unless petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, they must be accepted as correct." <u>Id.</u>

### III.  <u>Analysis</u>

As grounds for relief Hudson alleges (1) that he was denied effective assistance at trial, (2) the photo identification

-6-

procedure was unconstitutionally suggestive, and (3) the trial court erred in failing to instruct the jury on his alibi defense.[12]

**A.   Hudson's Ineffective Assistance Claims**

   1.   <u>Unexhausted Ineffective Assistance Claim</u>

   Hudson first alleges that his attorney was ineffective because he failed to inform Hudson of a plea offer from the prosecution.[13] Respondent asserts that Hudson has failed to exhaust his state remedies as to this claim.[14]   With limited exceptions, an applicant's federal writ of habeas corpus should not be granted unless the applicant exhausted his state court remedies.   28 U.S.C. §§ 2254(b)-(c).   To satisfy the exhaustion requirement a claim must be presented to the highest court of the state.   <u>O'Sullivan v. Boerckel</u>, 119 S. Ct. 1728, 1733-34 (1999).   A Texas prisoner may satisfy this requirement by presenting his claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or on direct appeal or in a state habeas corpus proceeding. <u>Richardson v. Procunier</u>, 762 F.2d 429, 432 (5th Cir. 1985).   When a federal habeas petitioner raises a claim previously presented in the state courts, but bases the federal habeas claim on new factual allegations or new legal theories not presented to the state

---

[12]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[13]<u>Id.</u>

[14]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 14, pp. 6-7.

courts, the claim has not been fairly presented in the state courts, and the petitioner has failed to exhaust his state remedies.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 420 (5th Cir. 1997). Review of the record reveals that Hudson did not raise a claim for ineffective assistance of counsel for failure to inform him of a plea offer in his direct appeal, his petition for discretionary review, or his state habeas petition.[15]  Although Hudson did raise claims for ineffective assistance of counsel in his state habeas petition, these claims are factually unrelated to the claim that his trial counsel did not inform him of a plea offer.

When a federal habeas corpus petitioner has failed to exhaust his state court remedies, and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas review.  <u>Coleman v. Thompson</u>, 111 S. Ct. 2546, 2557 n.1 (1991).  In Texas, except under narrow exceptions, a subsequent application for writ of habeas corpus filed after final disposition of an initial application challenging the same conviction may not be considered on the merits absent a showing that the claims could not have been brought previously.  Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West 2006).  The Fifth Circuit has held that the Texas

---

[15]<u>Hudson v. State</u>, No. 14-03-01253-CR, Appellant's Brief; <u>Hudson v. State</u>, No. 14-03-01253-CR, Appellant's Petition for Discretionary Review; <u>Ex parte Hudson</u>, Application No. WR-63,941-01, pp. 6-13.

abuse-of-writ doctrine is an adequate state procedural bar for purposes of federal habeas review. <u>Fearance v. Scott</u>, 56 F.3d 633, 642 (5th Cir. 1995). Since Hudson has cited no cause for his failure to raise this claim in his initial state habeas petition, the Texas abuse-of-writ doctrine would constitute an independent and adequate bar to a successive habeas petition.[16] Hudson's unexhausted claim for ineffective assistance based on counsel's failure to inform him of a plea offer is therefore prospectively procedurally barred and is not entitled to consideration on federal habeas review.[17] <u>Cf.</u> <u>Nobles</u>, 127 F.3d at 420-24.

2. <u>Exhausted Ineffective Assistance Claims</u>

Hudson also argues that his attorney was ineffective because he "did not object to the use of an extraneous offense" and he

---

[16]Although a procedural default may be excused upon showing cause and prejudice, or showing a fundamental miscarriage of justice based on actual innocence, Hudson has failed to raise these arguments in the pleadings filed in this court, and has failed to allege facts that would support relief on either of these grounds. <u>Coleman</u>, 111 S. Ct. at 2563.

[17]In the alternative, Hudson's claim fails on the merits because, under <u>Strickland v. Washington</u>, 104 S. Ct. 2052 (1984), Hudson must show that but for counsel's error the result of the proceeding would have been different. However, Hudson does not provide any details about the alleged plea offer, including when it was made or how he became aware of it. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." <u>Ross v. Estelle</u>, 649 F.2d 1008, 1012 (5th Cir. 1983). <u>See also</u> <u>Murphy v. Dretke</u>, 416 F.3d 427, 437 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1028 (2006) (citing <u>Ross v. Estelle</u>).

"fail[ed] to request a limiting instruction that the extraneous offense be proven beyond a reasonabl[e] doubt and could be considered for limited purpose only."[18]   He also claims, by reference to his state habeas petition, that his counsel was ineffective for failing to request that the trial court include his alibi defense in the jury charge.[19]  Under the standard established by Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984), a defendant asserting ineffective assistance of counsel must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." The defendant must also show that "there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 2068.  Both prongs of this test must be met to be entitled to habeas relief.  With regard to the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 2065 (internal quotations omitted).  Regarding the second prong,

---

[18]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[19]Id. at 8; Ex parte Hudson, Application No. WR-63,941-01, p. 9.

a "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice.  Lamb v. Johnson, 179 F.3d 352, 359 (5th Cir. 1999).

Because Hudson raised these claims in his state writ, which the Texas Court of Criminal Appeals denied (as opposed to dismissed), the Texas Court of Criminal Appeals' decision was "on the merits."[20]  Therefore, this court cannot grant habeas relief absent a determination that the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d)(1).[21]  The issue before this court is whether the state court's decision — that [Hudson] did not make the Strickland showing — was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (Strickland), for succeeding on his ineffective assistance of counsel claim."  Busby v. Dretke, 359 F.3d 708, 717 (5th Cir. 2004) (internal quotations omitted).

Hudson first argues that his trial attorney was ineffective for failing to object to the "use of [an] extraneous offense."[22]

---

[20]See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

[21]There is no argument that the state court's decision rested "on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d)(2).

[22]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

Apparently, while in a car similar to that described by the robbery victim, Hudson was arrested for driving with a suspended license and for possession of a controlled substance.[23]   During a pretrial hearing Hudson's counsel sought to exclude mention of the offenses and the arrest.[24]   The trial court ruled that the prosecution could introduce evidence that Hudson was arrested in the car, but could not provide details of the license and possession offenses.[25] Hudson's counsel then repeated his objection, for the record, to any mention of the arrest.[26]

The court understands Hudson to argue that his counsel should have objected to two instances during his trial when his prior arrest was mentioned.[27]   The first instance occurred during defense counsel's cross-examination of Sergeant Madden, the Houston police officer who asked the robbery victim to view a photo lineup, when Sergeant Madden stated:   "I contacted [the victim] on January 27th and I indicated to her that someone had been stopped and a suspect had been arrested for an unrelated offense, unrelated matter.   And I didn't know if it was the same suspect, but I wanted her to come in and look at a photospread."[28]   The second instance occurred

---

[23]Reporter's Record, Volume 3, pp. 8–11.

[24]Id.

[25]Id. at 10–11.

[26]Id. at 11.

[27]Accord Ex parte Hudson, Application No. WR-63,941-01, p. 6.

[28]Reporter's Record, Volume 3, pp. 76–77.

during direct examination of the robbery victim, who testified: "The only thing Detective Madden told me prior to when he called me on the phone, was saying that I could come down and look at a photospread.  Because on the day that I got robbed the license plates to the car and the person who I described, he fit the description of someone who they had picked up for something else."[29]

Because both of these statements complied with the judge's pretrial ruling, Hudson's attorney had no reason to object.  In fact, doing so might have only called more attention to the fact that Hudson had been arrested.  Given Strickland's strong presumption that counsel's actions fall within the wide range of reasonable professional assistance, this court cannot conclude that the state court's decision was an unreasonable application of the first prong of the Strickland test.  Furthermore, the mere mention of the arrest does not undermine confidence in the outcome of the trial, making the state court's decision a reasonable application of the Strickland test's second prong.

Hudson also argues that his counsel should have requested a "limiting instruction that the extraneous offense be proven beyond a reasonabl[e] doubt and be considered for a limited purpose only."[30]  As mentioned above, only the fact that Hudson was

---

[29]Id. at 116.

[30]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

-13-

arrested, not what he was charged with, were allowed into evidence. Accordingly, requesting proof of those offenses would have interjected Hudson's unadjudicated bad acts into his robbery trial, precisely what his counsel was seeking to avoid. Likewise, a limiting instruction involving unnamed, unrelated offenses might only have confused the jury and called attention to the arrest. A review of the record shows that Hudson's counsel presented a defensive strategy, which petitioner continues to assert, that focused on contradictions in the testimony of the State's witnesses.[31] Hudson has not shown that these omissions fell below the objective standard of reasonableness, nor that he was prejudiced by them. The court therefore concludes that the state court's decision was not an unreasonable application of Strickland.

Finally, Hudson argues that his counsel was ineffective for failing to request that the trial court include his alibi defense in the jury charge.[32] However, the Texas Court of Criminal Appeals has determined that a criminal defendant is not entitled to an alibi instruction. Giesberg v. State, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998). The Giesberg court determined that

> an alibi is sufficiently embraced in a general charge to the jury that the defendant is presumed innocent until he or she is proven guilty beyond a

---

[31]For example, in his closing statement, Hudson's counsel focused on the fact that when Hudson was stopped on December 11, 2002, the car was not exactly like the description given by the robbery victim and no gun or clothes described by the victim were found in the car. Reporter's Record, Volume 4, pp. 7-8.

[32]Ex parte Hudson, Application No. WR-63,941-01, p. 9.

-14-

> reasonable doubt.   There is ample room within that
> instruction for a defendant to effectively argue his
> defense of alibi to a jury.   Since a defensive issue
> of alibi is adequately accounted for within a
> general charge to the jury, a special instruction
> for the issue of alibi would needlessly draw a
> jury's attention to the evidence which raised alibi.
> Therefore, we conclude a special instruction on
> alibi would constitute an unwarranted comment on the
> weight of the evidence by the trial court.

Id.  The fact that Hudson's counsel did not request something that

Hudson was not entitled to certainly falls within Strickland's

presumption of professional assistance.   The court therefore

concludes that the state court's decision did not involve an

unreasonable application of the Strickland standard.

**B.   Hudson's Photo Identification Claim**

Hudson argues that the robbery victim's out-of-court

identification should have been suppressed because the photo spread

procedure utilized by the police was impermissibly suggestive

because the police detective told the robbery victim that he had

been "arrested in [a] vehicle with license plate number she'd given

police, and that he (applicant) was in the photo spread."[33]  He also

argues, by reference to his state habeas petition, that his photo

was the only one "with a full length afro hairstyle, while the

other blacks therein, wore very low or short afros."[34]  Hudson also

---

[33]Petition for a Writ of Habeas Corpus by a Person in State
Custody, Docket Entry No. 1, p. 7.

[34]Id.; Ex parte Hudson, Application No. WR-63,941-01, p. 10.

-15-

raised these issues in his direct appeal and his state habeas corpus application, both of which were denied.[35]

In Simmons v. United States, 88 S. Ct. 967, 971 (1968), the Supreme Court held that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." The Court further stated that

> [t]he danger that the use of [photo arrays] may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement.

Id.

On direct appeal, the Texas Fourteenth Court of Appeals applied this test and found that Sergeant Madden admonished the victim that the suspect may or may not be in the photo spread, told her to take into account that hair and facial hair styles could change, and told her not to be concerned if she did not see the

---

[35]Hudson v. State, No. 14-03-01253-CR, 2005 WL 81631 at *2-4 (Tex. App. – Houston [14th Dist.] January 6, 2005, pet. ref'd) (not reported in S.W.3d), contained in Ex parte Hudson, Application No. WR-63,941-01 at p. 36; Ex parte Hudson, Application No. WR-63,941-01 at cover, pp. 30-31. Hudson also raised these claims in his petition for discretionary review, but the petition was refused.

person who robbed her in the photo spread.[36]   Based on these
findings, which are entitled to deference under 28 U.S.C.
§ 2254(e)(1), the court of appeals concluded that the procedure
"may have been suggestive, but not impermissibly suggestive."   In
the alternative, the court of appeals assumed arguendo that the
procedure was impermissibly suggestive and concluded that it still
did not give rise to a substantial likelihood of irreparable
misidentification based on the following findings:

> First, [the victim] had a significant opportunity to
> view [Hudson] at the time of the robbery. [Hudson]
> spoke to [the victim] before the robbery and was
> physically very close to her at the time of the
> robbery.   Second, [the victim] was focused on
> [Hudson].   She never took her eyes off of him and
> she "had a good look at his face."   Third, [the
> victim] accurately described [Hudson]. . . .
> Fourth, [the victim] identified [Hudson] as the
> robber with a great deal of certainty when shown the
> photo spread and again at trial.[37]

Hudson has failed to rebut the presumption of correctness of these
findings by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).
Given these findings and the fact that petitioner's counsel engaged
in a vigorous cross-examination of the eyewitness,[38] the court
concludes that the state courts' decisions did not involve

---

[36]Hudson v. State, No. 14-03-01253-CR, 2005 WL 81631 at *2–4
(Tex. App. – Houston [14th Dist.] January 6, 2005, pet. ref'd)
(not reported in S.W.3d), contained in Ex parte Hudson,
Application No. WR-63,941-01 at pp. 37–40.

[37]Id. at 39.

[38]Reporter's Record, Volume 3, pp. 120, 124–25, 130–44.

unreasonable applications of the federal law, as determined by the Supreme Court.

The Texas court of appeals also overruled Hudson's argument that the lineup was unconstitutional because "his afro was the longest pictured."  The court found that the photo spread showed "six black males with similar features.  While [Hudson's] hair appears to be slightly longer than three of the others pictured, it appears to be about the same length as two of the others."[39]  Again, Hudson points to no clear and convincing evidence to rebut the presumption of correctness of this finding.  Furthermore, this finding is supported by the photo spread itself, which is included in the record.[40]  Given the additional findings discussed above, the court concludes that the state courts' decisions were reasonable applications of federal law as determined by the Supreme Court.

## C.  Hudson's Jury Charge Claim

Hudson's final argument is that the trial court erred by failing to "charge or instruct the jury on [his] alibi defense."[41]  Hudson did not raise this issue on direct appeal or in his petition

---

[39]Hudson v. State, No. 14-03-01253-CR, 2005 WL 81631 at *2-4 (Tex. App. – Houston [14th Dist.] January 6, 2005, pet. ref'd) (not reported in S.W.3d), contained in Ex parte Hudson, Application No. WR-63,941-01 at p. 40.

[40]Reporter's Record, Volume 8, p. 3.

[41]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

for discretionary review, but he did list it in his state habeas corpus application.[42]   The state habeas court held:

> Because [Hudson] failed to raise on direct appeal his instant claims that the jury charge was defective, [Hudson] is procedurally barred from raising the claim in the instant proceeding. Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998).   Moreover, [Hudson] fail[ed] to allege sufficient facts which, if true, would show that the jury charge was defective.[43]

In Ex parte Gardner, 959 S.W.2d at 199, the Texas Court of Criminal Appeals held that in Texas, state habeas should not be used to litigate matters which should have been raised on direct appeal. Respondent urges the court to dispose of this claim on the ground that it has been procedurally defaulted in the state courts.[44]

"The general rule is that a federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground." Busby v. Dretke, 359 F.3d 708, 718 (5th Cir. 2004) (citing Coleman v. Thompson, 111 S. Ct. 2546).   The Fifth Circuit has recognized that application of the Gardner rule creates a bar to federal habeas review.   Busby, 359 F.3d at 719; Soria v. Johnson, 207 F.3d 232, 249 (5th Cir. 2000).   Here, the state court expressly stated that Hudson's claim was procedurally barred for not raising it on direct

---

[42]Ex parte Hudson, Application No. WR-63,941-01 p. 7.

[43]Id. at 31.

[44]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 14, p. 8.

appeal.  The fact that the state court also addressed the merits of the claim does not undermine the explicit invocation of the procedural bar.  <u>Harris v. Reed</u>, 109 S. Ct. 1038, 1044 n.10 (1989); <u>Fisher v. Texas</u>, 169 F.3d 295, 300 (5th Cir. 1999) ("During [petitioner's] state habeas proceedings, the trial court, citing <u>Ex parte Gardner</u>, found that [petitioner] had 'forfeited his . . . complaint when he failed to raise it on direct appeal.' . . . We therefore are precluded from reviewing the merits of the claim unless [petitioner] establishes cause for the default and actual prejudice resulting from the constitutional violation.").

"A procedural default will be excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or if the default would work a fundamental miscarriage of justice," <u>Busby</u>, 359 F.3d at 718 (internal quotations omitted).  However, Hudson has not raised these issues in the pleadings filed in this court, and has failed to allege facts that would support relief on either of these grounds.  Accordingly, the court concludes that Hudson's claim that the jury charge was defective is procedurally barred and not entitled to consideration on federal habeas review.

## IV.  <u>Conclusion and Order</u>

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**, and

-20-

Hudson's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED.**

      **SIGNED** at Houston, Texas, on this 8th day of March, 2007.

---

                    SIM LAKE
      UNITED STATES DISTRICT JUDGE